UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Case No.:

JAMES CLARK,

      Plaintiff,

v.

RETRIEVAL-MASTERS CREDITORS,
BUREAU, INC.,

      Defendant.

_____/

### PETITION FOR REMOVAL WITH SUPPORTING MEMORANDUM OF LAW

COMES NOW, the Defendant, RETRIEVAL-MASTERS CREDITORS, BUREAU, INC., by and through its undersigned counsel, and respectfully petitions this Honorable Court for removal of the above-styled civil action from the Circuit Court of the Sixth Circuit, in and for Pinellas County, Florida, to the United States District Court for the Middle District of Florida, Tampa Division, and states as follows:

1.    Defendant, RETRIEVAL-MASTERS CREDITORS, BUREAU, INC., has been named as a Defendant in a civil action brought against it in the Circuit Court of the Sixth Circuit, in and for Pinellas County, Florida, *James Clark v. Retrieval Masters Creditors Bureau, Inc.*, Case No.: 15-001104-CI. A copy of the Complaint served in that action, in addition to all process and pleadings served upon Defendant, is attached hereto as **Composite Exhibit "A"**.

2.    That the aforesaid action was filed with the Clerk of the Court in Pinellas

County, Florida and service of process of said Summons and Complaint, served upon the Defendant, on or about February 20, 2015.

3.      That the controversy herein between the Plaintiff and Defendant is a controversy based upon consumer protection rights created by and enforced through federal statute 47 U.S.C. §227, *et seq.*, entitled the Telephone Consumer Protection Act ("TCPA").

4.      That the above described action is a civil action of which this Court has original jurisdiction under the provisions of Title 28, United States Code, §1331, and is one which may be removed to this Court by the Defendant/Petitioner pursuant to the provisions of Title 28, United States Code, §1441(a), in that it is a civil action based upon a federal question over which this Court has original jurisdiction.

5.      This Notice of Removal is filed with this Court within 30 days after service on Defendant of the Complaint in the above-styled action and is, therefore, timely pursuant to 28 U.S.C. §1446(b).

## MEMORANDUM OF LAW IN SUPPORT OF ITS PETITION FOR REMOVAL

### Statement of the Case and Facts

The instant suit is a civil action which includes a federal question, specifically, a claim that the Defendant violated Plaintiff's consumer protection rights under the Telephone Consumer Protection Act.  The original Complaint seeks an award of damages against the Defendant, for alleged violations of this federal consumer protection statute.

### Federal Court Jurisdiction

This Court has jurisdiction of this case pursuant to 28 U.S.C. §1331.  Section 1331 states as follows:

"§1331.  Federal question.

*The federal district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States.*

The original Complaint herein raises a federal question and satisfies the jurisdictional requirements of 28 U.S.C. §1331.  This Honorable Court therefore has original jurisdiction of this civil action.

### Removal

This is an action which may properly be removed to this Court pursuant to 28 U.S.C. §1441 which states in pertinent part as follows:

> "*Except as otherwise expressly provided by act of Congress, any civil action brought in a state court of which the district courts of the United States has original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending . . . "*

Given that this action is one over which the United States District Court for the Middle District of Florida would have original jurisdiction, this case may properly be removed by Defendant pursuant to 28 U.S.C. §1446(a) which provides:

> "*A defendant or defendants desiring to remove any civil action or criminal prosecution from a state court shall file in the district court of the United States for the district and division within which such action is pending a Notice of Removal, signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings and orders served upon such defendant or defendants in such action."*

In the instant suit, the Defendant has filed a Notice which complies with 28 U.S.C. §1446(a), in that it sets forth facts that show that this Court has original jurisdiction and that

this case is subject to removal.

### Timeliness of Removal

28 U.S.C. §1446(b) requires that a Notice of Removal in a civil action or proceeding shall be filed within thirty (30) days after receipt by Defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based.  The original Complaint was filed with the Court and served upon the Defendant on or about February 20, 2015, and this Petition for Removal has been filed less than thirty (30) days from service of the original Complaint.

### Consent of Co-defendants

Undersigned counsel represents that no other co-Defendant has been listed or served as a party to this lawsuit and, with respect to this removal, and therefore no consent is necessary.

### Supplemental Jurisdiction

This Court has the discretion to exercise supplemental jurisdiction over any state law claims which have been asserted as part of the underlying action.  28 U.S.C. §1441(c) provides as follows:

> "Whenever a separate and independent claim or cause of action within the jurisdiction conferred by §1331 of this Title, is joined within one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which state law predominates."

Defendant would submit that Plaintiff has asserted no other claims under state law based upon the same factual allegations which support the federal claim.

WHEREFORE, Defendant, RETRIEVAL-MASTERS CREDITORS, BUREAU,

INC., respectfully requests this Honorable Court enter its Order removing the entire case from the Circuit Court of the Sixth Judicial Circuit, in and for Pinellas County, Florida, to the United States District Court, Middle District of Florida, Tampa Division.

Dated this 11th day of March, 2015.

Respectfully submitted,

*/s/ Ernest H. Kohlmyer, III*
Ernest H. Kohlmyer, III, Esq., LL.M

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been sent via electronic mail on **March 11, 2015** to the following: Christopher W. Boss, Esquire of the law firm of Boss, Arrighi & Hoag, P.A., at cpservice@protectyourfuture.com; CWBservice@protectyourfuture.com *(Attorneys for Plaintiff)*.

*/s/ Ernest H. Kohlmyer, III*
Ernest H. Kohlmyer, III, Esq., LL.M
Florida Bar No.: 110108
kohlmyer@urbanthier.com
Urban, Thier, Federer & Chinnery, P.A.
200 S. Orange Avenue, Suite 2000
Orlando, FL  32801
Phone: (407) 245-8352
Fax: (407) 245-8361
*Attorneys for Defendant*

# COMPOSITE EXHIBIT A

# REGISTER OF ACTIONS
## CASE NO. 15-001104-CI

| | | |
|---|---|---|
| JAMES CLARK Vs. RETRIEVAL-MASTERS CREDITORS BUREAU INC | § § § § § § | Case Type: **OTHER CIVIL - CIRCUIT** |
| | | Date Filed: **02/18/2015** |
| | | Location: **Section 11** |
| | | Judicial Officer: **CAMPBELL, PAMELA A.M.** |
| | | UNIFORM CASE NUMBER: **522015CA001104XXCICI** |

---

## PARTY INFORMATION

**Attorneys**

**DEFENDANT**  **RETRIEVAL-MASTERS CREDITORS BUREAU INC**
1200 SOUTH PINE ISLAND RD.
PLANTATION, FL 33324

**PLAINTIFF**  **CLARK, JAMES**

9800 4TH STREET NORTH
STE 402
ST. PETERSBURG, FL 33702

CHRISTOPHER W BOSS

BOSS ARRIGHI AND HOAG
PL
9800 4 ST N
SUITE 402
ST PETERSBURG, FL 33702

727-471-0039(W)

---

## EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**
| | |
|---|---|
| 02/23/2015 | ATTACHMENT TO COMPLAINT |
| | *EX A- AFFIDAVIT OF JAMES M CLARK* |
| 02/18/2015 | CIVIL COVER SHEET - E-FILED |
| 02/18/2015 | COMPLAINT |
| 02/18/2015 | REQUEST FOR ADMISSIONS |
| 02/18/2015 | REQUEST FOR PRODUCTION |
| 02/18/2015 | NOTICE OF SERVICE OF INTERROGATORIES |
| 02/18/2015 | SUMMONS TO BE ISSUED |
| | *ISSUED 02/19/15* |

---

## FINANCIAL INFORMATION

|  |  |  |  |
|---|---|---|---|
| **PLAINTIFF** CLARK, JAMES | | | |
| Total Financial Assessment | | | 410.00 |
| Total Payments and Credits | | | 410.00 |
| **Balance Due as of 03/11/2015** | | | **0.00** |
| 02/19/2015 Transaction Assessment | | | 410.00 |
| 02/19/2015 E-FILE PAYMENT | Receipt # EF-2015-06760 | CLARK, JAMES | (410.00) |

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, STATE OF FLORIDA

JAMES CLARK,

      Plaintiff,                         Case No.: 15-001104-CI

v.

RETRIEVAL-MASTERS CREDITORS,
BUREAU, INC.,

      Defendant.

_____/

### NOTICE OF FILING PETITION FOR REMOVAL TO FEDERAL COURT

COMES NOW, the Defendant, RETRIEVAL-MASTERS CREDITORS, BUREAU, INC., (hereinafter referred to as "Defendant"), by and through its undersigned attorney and files this Notice of Filing Petition for Removal to Federal Court in the above-styled case this 11th day of March, 2015.

28 U.S.C. Section 1446(d) clearly states: "Promptly after filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of the state court, which shall effect the removal and the *State court shall proceed no further unless and until the case is remanded.*" (Emphasis added).

Therefore, the Defendant asserts that 28 U.S.C. Section 1446(d) divests this court of subject-matter jurisdiction to take any action on this case after the Notice of Removal is received

by the Clerk of Court.

Dated this 11th day of March, 2015.

Respectfully submitted,

*/s/ Ernest H. Kohlmyer, III*
Ernest H. Kohlmyer, III, Esq., LL.M

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been sent via electronic mail on

**March 11, 2015** to the following: Christopher W. Boss, Esquire of the law firm of Boss, Arrighi

& Hoag, P.A., at cpservice@protectyourfuture.com; CWBservice@protectyourfuture.com

*(Attorneys for Plaintiff)*.

*/s/ Ernest H. Kohlmyer, III*
Ernest H. Kohlmyer, III, Esq., LL.M
Florida Bar No.: 110108
kohlmyer@urbanthier.com
Urban, Thier, Federer & Chinnery, P.A.
200 S. Orange Avenue, Suite 2000
Orlando, FL 32801
Phone: (407) 245-8352
Fax: (407) 245-8361
*Attorneys for Defendant*

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, STATE OF FLORIDA

JAMES CLARK,                               CASE NO.:

      Plaintiff,

vs.

UNITED RECOVERY SYSTEMS, LP,         DEMAND FOR JURY TRIAL

      Defendant.

_____/

### PLAINTIFF'S NOTICE OF SERVICE OF INTERROGATORIES TO DEFENDANT UNITED RECOVERY SYSTEMS, LP

**COMES NOW**, Plaintiff, JAMES CLARK, by and through undersigned counsel, pursuant Rule 1.340(e), Florida Rules of Civil Procedure, hereby files this Notice of Service of Interrogatories propounded upon Defendant, UNITED RECOVERY SYSTEMS, LP.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served simultaneously with a copy of the Summons, Complaint, Request to Produce, and Request for Admissions via hand delivery of process server on United Recovery Systems, LP, c/o CT Corporation System, R.A., 1200 South Pine Island Road, Plantation, Florida 33324.

**Boss, Arrighi & Hoag, P.L.**

/s/ Christopher W. Boss
**Christopher W. Boss**, Fla. Bar No.: 013183
Email: CWBservice@protectyourfuture.com
Service Email: cpservice@protectyourfuture.com
9800 Fourth Street North, Suite 402
St. Petersburg, Florida 33702
Phone: (727) 471-0039
Fax:   (888) 503-2182
Attorney for Plaintiff

## PLAINTIFF'S INTERROGATORIES TO DEFENDANT
## UNITED RECOVERY SYSTEMS, LP

1. What is the name and address of the person answering these interrogatories, and if applicable, the person's official position or relationship with the party to whom the interrogatories are directed?

   **Answer:**

2. Identify all persons known to you or Defendant who have knowledge of facts relevant to this case, including but not limited to all persons interviewed by Defendant, by Defendant's counsel, or by any person cooperating with Defendant in the defense of this action, and state the subject matter of testimony, giving a brief description thereof, for each person you may call as a witness in this case.

   **Answer:**

3. For each person who has had any involvement in any manner in any efforts on Defendant's behalf to collect or attempt to collect any debt(s) purportedly owed to Defendant, state his/her name, position, work address and telephone numbers, and the nature and purpose of his/her involvement.

   **Answer:**

4. Identify each person responsible for formulating, supervising, or enforcing Defendant's policies, procedures, and practices concerning Telephone Consumer Protection Act (TCPA) compliance.

   **Answer:**

5. Identify the automatic telephone dialing system that Defendant used to make calls to Plaintiff, including the type of equipment, location of the automatic telephone dialing system, as well as the name and address of any individuals making any of the calls to Plaintiff.

   **Answer:**

6. Identify all documents relevant to, related to, or reflecting any aspect of any efforts undertaken by Defendant to collect any debt(s) from Plaintiff, or to any debt(s) purportedly owed by Plaintiff to Defendant.

   **Answer:**

7. Describe Defendant's procedure and policy with respect to the maintenance, preservation, and destruction of documents, stating in your Answer whether any documents or things relating to any information Requested in these interrogatories, or related in any way to this lawsuit, have ever been destroyed or are no longer in your custody. For each such document, please identify the document, how, when and why each document was destroyed or otherwise left your control, the identity of any person who participated in any way in the destruction and/or action for destroying the document or to transfer it out of your control or custody; and if the document still exists, identify the person now having control or custody of the document.

   **Answer:**

8. Identify all documents that Defendant alleges support any of its defenses in this lawsuit.

   **Answer:**

9. Identify all recordings Defendant has ever possessed in relation to the Plaintiff in this action.

   **Answer:**

10. State completely the factual basis of each defense, which Defendant now asserts or will assert in this action.

   **Answer:**

11. Describe the policy Defendant implements regarding the investigation of complaints it received about violations of the Telephone Consumer Protection Act (TCPA) during the previous three (3) years.

   **Answer:**

12. Set forth a list of all lawsuits, within the last three (3) years, alleging any violations of the Telephone Consumer Protection Act (TCPA), filed against Defendant, any predecessor, successor, or affiliated entity of Defendant, or against any officer, director, manager, employee, contractor, or agent of Defendant, listing the name of the Plaintiff, Defendant(s), case number or designation, court where filed, date filed, disposition, date of disposition, and all actions taken by Defendant as a result.

   **Answer:**

13. Set forth a list of all complainants, within the last three (3) years, including but not limited to individuals, businesses, offices of any federal agency, and/or offices of any state agency or any political subdivision thereof, who have made any type of complaints against Defendant, any predecessor or successor to Defendant, or against any officer, director, manager, employee or contractor of Defendant, complaining of any alleged violations of the Telephone Consumer Protection Act (TCPA), regardless of whether suit arose out of such complaints, fully identifying the complainant by name and address, telephone number, the nature of the complaint(s), the disposition, date of disposition and all actions taken by Defendant as a result.

   **Answer:**

14. If Defendant contends that the Telephone Consumer Protection Act (TCPA) does not apply to Defendant, or that the acts alleged in the Complaint are not covered or regulated by the Telephone Consumer Protection Act (TCPA), describe fully all such contention(s) and the facts on which Defendant bases such contention(s) and state the source of this information.

   **Answer:**

15. Does Defendant contend any person or entity other than Defendant is, or may be liable, in whole or part for the claims asserted against Defendant in this lawsuit? If so, state the full name and address of each such person or entity, the legal basis for Defendant's

contention, the facts or evidence upon which Defendant's contention is based, and whether or not Defendant has notified each such person or entity of Defendant's contention.

**Answer:**

16. Does Defendant intend to call any expert witness at the trial of this case?  If so, state as to each such witness the name and business address of the witness, the witness' qualifications as an expert, the subject matter upon which the witness is expected to testify, the substance of the facts and opinions to which the witness is expected to testify, and a summary of the grounds for each opinion.

**Answer:**

17. Has Defendant made an agreement with anyone that would limit that party's liability to anyone for any of the damages sued upon in this case?  If so, state the terms of the agreement and the parties to it.

**Answer:**

18. List all documents mentioned, used, or consulted to answer any Interrogatory, and indicate for which Interrogatory each document applies, and indicate for each document the title, date created, number of pages, and location of the original.

**Answer:**

_____

Answering Party for UNITED RECOVERY SYSTEMS, LP

_____

Printed Name of Answering Party

STATE OF _____ )

COUNTY OF _____ )

    BEFORE ME, the undersigned authority, personally appeared _____, Answering Party for Defendant, UNITED RECOVERY SYSTEMS, LP, who being first sworn, and deposes and says that the foregoing answers to Plaintiff's Interrogatories, are true and correct and who has produced _____ as identification and who did take an oath.

_____

Signature of Notary

_____

Printed Name of Notary

_____/_____/_____
Commission Expires

## Exhibit "A"

### AFFIDAVIT OF JAMES M. CLARK

STATE OF FLORIDA )
)
COUNTY OF PINELLAS )

**BEFORE ME**, the undersigned authority, personally appeared **James M. Clark**, who after being duly sworn does hereby state that the following is true and correct:

1.   My name is **James M. Clark**, I am over the age of 18, and I am a resident of the State of Florida.

2.   I am competent to testify and I have personal knowledge of the matters contained herein.

3.   My cellular telephone number is (727) 365-7848.

4.   On July 24, 2014, Retrieval-Masters Creditors Bureau, Inc. called my cellular telephone from their telephone number, (800) 804-0057.

5.   During the telephone conversation referenced in the immediately preceding paragraph, I advised Retrieval-Masters Creditors Bureau, Inc. that they are not permitted to call my cell phone.

6.   I clearly revoked any prior express consent that Retrieval-Masters Creditors Bureau, Inc. may have had to contact my cellular telephone.

FURTHER AFFIANT SAITH NOT.

_James M. Clark_
James M. Clark

SWORN TO AND SUBSCRIBED before me by **James M. Clark**, who is personally known to me or has produced a _Florida Drivers License_ as identification this _28_ day of _January_, 2015.

_Signature of Notary_
Signature of Notary

PHYNEDRA LITTLE
Notary Public - State of Florida
My Comm. Expires Aug 23, 2016
Commission # EE 829786
Bonded Through National Notary Assn.

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, STATE OF FLORIDA

JAMES CLARK,                                            CASE NO.:

     Plaintiff,

vs.

RETRIEVAL-MASTERS CREDITORS                             DEMAND FOR JURY TRIAL
BUREAU, INC.,

     Defendant.

_____/

## PLAINTIFF'S FIRST REQUEST TO PRODUCE TO DEFENDANT, RETRIEVAL-MASTERS CREDITORS BUREAU, INC.

**COMES NOW**, Plaintiff, JAMES CLARK (hereinafter referred to as the "Plaintiff"), by and through undersigned counsel, and pursuant to Rule 1.350 of the Florida Rules of Civil Procedure, requests Defendant, RETRIEVAL-MASTERS CREDITORS BUREAU, INC. (hereinafter referred to as the "Defendant"), produce the following documents to the undersigned, at this office, within thirty (30) days from the date of service for examination, inspection and copying, and as grounds for such request say that the materials are relevant or material to the issues in this cause:

    1.    Documents that identify or support that Defendant established and implemented reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under the Telephone Consumer Protection Act (TCPA).

    **Response:**

1

2.      Documents that identify each person responsible for formulating, supervising, or enforcing Defendant's policies, procedures, and practices concerning Telephone Consumer Protection Act (TCPA) compliance.

**Response:**

3.      Documents that identify the automatic telephone dialing system that Defendant used to make calls to Plaintiff, including the type of equipment, location of the automatic telephone dialing system, as well as the name and address of any individuals making any of the calls to Plaintiff.

**Response:**

4.      Documents relevant to, related to, or reflecting any aspect of any efforts undertaken by Defendant to collect any debt(s) from Plaintiff, or to any debt(s) purportedly owed by Plaintiff to Defendant.

**Response:**

5.      Documents that identify Defendant's procedure and policy with respect to the maintenance, preservation, and destruction of documents, stating in your Answer whether any documents or things relating to any information requested in these interrogatories, or related in

2

any way to this lawsuit, have ever been destroyed or are no longer in your custody. For each such document, please identify the document, how, when and why each document was destroyed or otherwise left your control, the identity of any person who participated in any way in the destruction and/or action for destroying the document or to transfer it out of your control or custody; and if the document still exists, identify the person now having control or custody of the document.

**Response:**

6.      Documents that Defendant alleges support any of its defenses in this lawsuit.

**Response:**

7.      Recordings Defendant has ever possessed in relation to the Plaintiff in this action.

**Response:**

8.      Documents that identify or describe the policy Defendant implements regarding the investigation of complaints it received about violations of the Telephone Consumer Protection Act (TCPA) during the previous three (3) years.

**Response:**

3

9.     A list of all lawsuits, within the last three (3) years, alleging any violations of the Telephone Consumer Protection Act (TCPA), filed against Defendant, any predecessor, successor, or affiliated entity of Defendant, or against any officer, director, manager, employee, contractor, or agent of Defendant, listing the name of the Plaintiff(s), Defendant(s), case number or designation, court where filed, date filed, disposition, date of disposition, and all actions taken by Defendant as a result.

**Response:**

10.     A list of all complainants, within the last three (3) years, including but not limited to individuals, businesses, offices of any federal agency, and/or offices of any state agency or any political subdivision thereof, who have made any type of complaints against Defendant, any predecessor or successor to Defendant, or against any officer, director, manager, employee or contractor of Defendant, complaining of any alleged violations of the Telephone Consumer Protection Act (TCPA), regardless of whether suit arose out of such complaints, fully identifying the complainant by name and address, telephone number, the nature of the complaint(s), the disposition, date of disposition and all actions taken by Defendant as a result.

**Response:**

4

11.    If Defendant contends that the Telephone Consumer Protection Act (TCPA) does not apply to Defendant, or that the acts alleged in the Complaint are not covered or regulated by the Telephone Consumer Protection Act (TCPA), any documents that support such contention.

**Response:**

12.    If Defendant contends any person or entity other than Defendant is, or may be liable, in whole or part for the claims asserted against Defendant in this lawsuit, any documents that support such contention.

**Response:**

13.    Any and all written statements, including opinions, memoranda, and reports from Defendant, Defendant's agents, and employees which Defendant expects to introduce into evidence at the trial of this cause.

**Response:**

14.    Any and all written statements, including opinions, memoranda, and reports of any and all witnesses and/or experts which you expect to introduce into evidence or utilize at the trial of this cause.

5

**Response:**

15.    Any and all documents mentioned, used, or consulted to answer any Interrogatory, served in conjunction to this request to produce.

**Response:**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served simultaneously with a copy of the Summons, Complaint, Request for Admissions, Interrogatories, and Notice thereof via hand delivery of process server on Retrieval-Masters Creditors Bureau, Inc., c/o CT Corporation System, R.A., 1200 South Pine Island Road, Plantation, Florida 33324.

**Boss, Arrighi & Hoag, P.L.**

/s/ Christopher W. Boss
**Christopher W. Boss,** Fla. Bar No.: 013183
Email: CWBservice@protectyourfuture.com
Service Email: cpservice@protectyourfuture.com
9800 Fourth Street North, Suite 402
St. Petersburg, Florida 33702
Phone: (727) 471-0039
Fax:    (888) 503-2182
**Attorney for Plaintiff**

6

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, STATE OF FLORIDA

JAMES CLARK,                                    CASE NO.:

     Plaintiff,

vs.

RETRIEVAL-MASTERS CREDITORS                     DEMAND FOR JURY TRIAL
BUREAU, INC.,

     Defendant.
_____/

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT
## RETRIEVAL-MASTERS CREDITORS BUREAU

**COMES NOW**, Plaintiff, JAMES CLARK (hereinafter referred to as the "Plaintiff"), by and through undersigned counsel and pursuant to Florida Rule of Civil Procedure 1.370, hereby requests that Defendant, RETRIEVAL-MASTERS CREDITORS BUREAU, INC. (hereinafter referred to as the "Defendant"), admit the truth of each of the matters set forth below within the time allotted by the Rule.

1.    Admit that during the phone call on July 24, 2014, Plaintiff advised Defendant to stop calling his cellular telephone.

**Answer:**

2.    Admit that during the phone call on July 24, 2014, Plaintiff orally revoked any prior permission or authority that Defendant may have had, allowing Defendant to contact Plaintiff via mobile cell phone.

**Answer:**

- 1 -

3.      Admit that Defendant never had prior express consent, written or otherwise, to call Plaintiff on his mobile cell phone.

**Answer:**


4.      Admit that Defendant used automatic dialing equipment, including but not limited to a computer, to place phone calls to Plaintiff's mobile cell phones after July 24, 2014.

**Answer:**


5.      Admit that Defendant used automatic dialing equipment, including but not limited to a computer to place phone calls to Plaintiff after July 24, 2014, that were not for an emergency purpose.

**Answer:**

6.      Admit that Defendant maintains an internal record of all calls placed to Plaintiff in relationship to the collection of the debt.

**Answer:**


## SPECIAL REQUEST FOR PRODUCTION:
## PRODUCE THE FOREGOING ONLY IF ADMISSION #6 IS ADMITTED

Produce any and all documents that contain records of all calls placed to Plaintiff in relationship to collecting the alleged debt.


7.      Admit that Defendant maintains an internal record of all calls placed to Plaintiff's mobile cell phones made with automatic dialing equipment, including but not limited to a computer.

**Answer:**

## SPECIAL REQUEST FOR PRODUCTION:
## PRODUCE THE FOREGOING ONLY IF ADMISSION #7 IS ADMITTED

Produce any all documents evidencing that the calls placed as alleged where made with automatic dialing equipment including but not limited to a computer.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served simultaneously with a copy of the Summons, Complaint, Request for Production, Interrogatories, and Notice thereof via hand delivery of process server on Retrieval-Masters Creditors Bureau, Inc., c/o CT Corporation System, R.A., 1200 South Pine Island Road, Plantation, Florida 33324.

**Boss, Arrighi & Hoag, P.L.**

/s/ Christopher W. Boss
**Christopher W. Boss,** Fla. Bar No.: 013183
Email: CWBservice@protectyourfuture.com
Service Email: cpservice@protectyourfuture.com
9800 Fourth Street North, Suite 402
St. Petersburg, Florida 33702
Phone: (727) 471-0039
Fax:    (888) 503-2182
**Attorney for Plaintiff**

 **CT Corporation**

**Service of Process Transmittal**
02/20/2015
CT Log Number 526616057

**TO:**    Jeffrey Wollman, COO
           Retrieval-Masters Creditors Bureau, Inc
           4 Westchester Plz Ste 110
           Elmsford, NY 10523-1616

**RE:**    **Process Served in Florida**

**FOR:**   Retrieval-Masters Creditors Bureau, Inc (Domestic State: NY)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | James Clark, Pltf. vs. Retrieval-Masters Creditors Bureau, Inc., Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Notice, Interrogatories, Exhibit(s), First Request |
| **COURT/AGENCY:** | Pinellas County Circuit Court, FL<br>Case # 15001104CI |
| **NATURE OF ACTION:** | Code Violation / Code Enforcement – violation of the TCPA - Violations were made willfully |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Plantation, FL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 02/20/2015 at 14:15 |
| **JURISDICTION SERVED :** | Florida |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after service |
| **ATTORNEY(S) / SENDER(S):** | Christopher W. Boss<br>Boss, Arrighi & Hoag, P.L.,<br>9800 Fourth Street North<br>Suite 402<br>St. Petersburg, FL 33702<br>727-471-0039 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 02/20/2015, Expected Purge Date: 02/25/2015<br>Image SOP<br>Email Notification, Jeffrey Wollman jwollman@retrievalmasters.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>1200 South Pine Island Road<br>Plantation, FL 33324 |
| **TELEPHONE:** | 954-473-5503 |

Page 1 of  1 / BJ

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

Case Number:15-001104-CI

Filing # 23922520 E-Filed 02/18/2015 04:01:41 PM

### IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
### IN AND FOR PINELLAS COUNTY, STATE OF FLORIDA

JAMES CLARK,                                    CASE NO.:

     Plaintiff,

vs.

RETRIEVAL-MASTERS CREDITORS        DEMAND FOR JURY TRIAL
BUREAU, INC.,

     Defendant.

_____/

### SUMMONS

THE STATE OF FLORIDA, TO EACH SHERIFF OF THE STATE:

YOU ARE COMMANDED to serve this Summons and a copy of the Complaint, in this lawsuit upon the below-named Defendant:

RETRIEVAL-MASTERS CREDITORS BUREAU, INC.
c/o CT Corporate System, Registered Agent
1200 South Pine Island Road
Plantation, FL 33324

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached Complaint in this Court. A phone call will not protect you; your written response, including the above case number and named parties, must be filed if you want the Court to hear your case. If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office.

If you choose to file a written response yourself, at the same time you file your written response to the Court you must also mail, take a carbon copy or photocopy, or send a copy via electronic mail as designated, of your written response to the "Plaintiff Attorney" named below.

**Boss, Arrighi & Hoag, P.L.**
9800 Fourth Street North, Suite 402
St. Petersburg, FL 33702
Service Email: cpservice@protectyourfuture.com

DATED on _____FEBRUARY 19, 2015_____.        By: _____
Deputy Clerk                                    Clerk of Circuit Court

KEN BURKE CLERK CIRCUIT COURT
315 Court Street
Clearwater, Pinellas County, FL 33756-5165